UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. SMITH,

    Plaintiff,                                                    No. 21-10458

v.                                                        Honorable Nancy G. Edmunds

MENARD, INC.,

    Defendant.

_____/

**ORDER OF REMAND TO GENESEE COUNTY CIRCUIT COURT**

Plaintiff filed his complaint, alleging premises liability, negligence, and nuisance, in the Genesee County Circuit Court, but Defendant removed the matter to this Court based on diversity jurisdiction. (ECF No. 1.) The Court subsequently issued an Order to Show Cause requiring Defendant to show cause in writing why this case should not be remanded to state court for failure to meet the jurisdictional amount in controversy requirement, as set forth in 28 U.S.C. § 1332(a) and Local Court Rule 81.1. (ECF No. 5.) Defendant has now filed a response to the Order to Show Cause. (ECF No. 8.) For the reasons set forth below, the Court REMANDS this case to the Genesee County Circuit Court.

It is well-established that the party seeking removal bears the burden of establishing its right to removal, and the federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). A defendant seeking removal on

the basis of diversity jurisdiction has the burden of proving the amount in controversy by a preponderance of the evidence. *Gafford v. Gen. Elec., Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Here, Defendant relies in large part on the allegations in Plaintiff's complaint to argue the amount in controversy requirement is satisfied in this case. In his complaint, Plaintiff alleges, in part, that after lumber fell off a rack onto his right foot, he sustained "a Lisfranc injury, injuries to the joints, muscles, nerves, ligaments, tendons and soft tissue to the right foot and ankle along with aggravations to pre-existing conditions, whether known or unknown at this time." (ECF No. 1-2, PgID 12.) Plaintiff also alleges that his damages, which include pain and suffering, mental anguish, medical expenses, and loss of future wage-earning capacity, are in excess of $50,000. (*Id.* at PgID 13.) The Court finds that a "fair reading" of the allegations in Plaintiff's complaint does not support a finding that the amount in controversy exceeds $75,000. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014).

Defendant, alternatively, asks the Court to hold this matter in abeyance for fourteen days to determine if Plaintiff is willing to stipulate to cap the damages or indicate that he does not dispute that the amount in controversy requirement is satisfied. But neither Plaintiff's refusal to stipulate to damages under $75,000 nor his concession would be sufficient to satisfy the amount in controversy requirement. *See, e.g., Davis v. BASF Corp.*, No. 03-40198, 2003 U.S. Dist. LEXIS 26155, at *6-9 (E.D. Mich. Nov. 24, 2003). And while Defendant states that this case may be subject to re-removal in the future if discovery reveals that the amount in controversy exceeds the

jurisdictional threshold, this possibility does not absolve Defendant of its burden of proving the amount in controversy. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where the removing party failed to meet its burden establishing jurisdiction, it was "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal.")

For the reasons set forth above, IT IS HEREBY ORDERED that this matter is REMANDED to the Genesee County Circuit Court.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 17, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager